IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL JERINA, | § | |
|        PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-278-E-BK |
| | § | |
| AMAZON.COM SERVICES, LLC, | § | |
|        DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management.    Defendant Amazon.com Services, LLC's *Motion to Dismiss*, Doc. 24[1], is before the Court for findings and a recommended disposition.    For the reasons detailed herein, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Michael Jerina, proceeding *pro se*, filed his *Amended Complaint* and Answers to the Magistrate Judge's Questionnaire, asserting employment harassment and discrimination claims against his former employer, Defendant Amazon.com Services, LLC.[2]    Doc. 7; Doc. 15 at 2.    Prior to filing suit, Plaintiff filed a formal Charge with the Equal Employment Opportunity Commission ("EEOC"), which issued a "right to sue" letter on November 6, 2024.    Doc. 13 at 6.

---

[1] Amazon includes as an exhibit what appears to be an internal investigation report, Doc. 24-1. The report is not referenced in the complaint or Plaintiff's responses to the Magistrate Judge's Questionnaire.    Thus, the Court has not considered the report for any purpose.

[2] Because he is *pro se*, Jerina's answers to the Magistrate Judge's questionnaire constitute a supplement to his complaint.    *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Jerina was employed by Amazon from August 2022 to April 2023.   Doc. 7 at 1.   He alleges that around December 2022, Lundy Porter, a co-worker, began to sexually harass him. Doc. 7 at 1, 4.   Jerina alleges that Porter came up to him at the beginning of the workday and "put herself right next to [Jerina] and put her hand directly in front of [Jerina's] crotch."   Doc. 7 at 4.   Jerina alleges that Porter did not touch him, but he could "feel her body heat" and that she would discuss "personal subjects" that were not appropriate for work.   Doc. 7 at 1.   Jerina further alleges that he considered informing Amazon's human resources ("HR") department but decided not to because he thought it was Porter's way of showing that she wanted a relationship with him.   Doc. 7 at 4-5.   Jerina alleges that occurrences like this happened daily in the workplace.   Doc. 7 at 4.

Jerina further alleges that after about a month of these incidents, he messaged Porter on LinkedIn because he believed she was interested in a relationship with him.   Doc. 7 at 4-5.   He alleges that the day after he messaged her, she came close to him at work and let him know that she was "going to do it."   Doc. 7 at 5.   Jerina then claims Amazon terminated him because he sent Porter a picture, "since she kept doing that without hesitation."   Doc. 7 at 5.

Amazon seeks dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim.   Doc. 24. Specifically, Amazon argues that Jerina has failed to plead sufficient facts to demonstrate a claim for sexual harassment and age discrimination.   Doc. 24 at 1-2.   Jerina filed an amended response, Doc. 30, and Amazon filed a reply, Doc. 32.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).   To overcome a Rule 12(b)(6) motion, a complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).   Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).   Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).   But "a formulaic recitation of the elements of a cause of action will not do . . . ," and factual allegations must accompany legal conclusions. *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see Collins*, 224 F.3d at 498 ("The complaint must be *liberally construed* in favor of the plaintiff . . . .") (emphasis added).

"*Pro se* complaints receive a liberal construction.   Even so, mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).   Moreover, "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (Boyle, J.).   "To demand otherwise would require the courts to explore exhaustively all potential claims of a *pro se* plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out

3

the strongest arguments and most successful strategies for a party." *Just. v. PSI-Intertek*, No. 3:20-CV-3172, 2021 WL 6297610, at *2 (N.D. Tex. Dec. 15, 2021) (Horan, J.), *rep. & rec. adopted*, No. 3:20-CV-3172, 2022 WL 60334 (N.D. Tex. Jan. 5, 2022) (citations and internal quotations omitted).

In employment discrimination cases, "the ordinary rules for assessing the sufficiency of a complaint apply." *Garvin v. Southwestern Correctional, L.L.C.*, 391 F.Supp.3d 640, 648 (N.D. Tex. 2019). An employment discrimination plaintiff need not plead a prima facie case in order to survive a Rule 12 motion; nevertheless, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 649; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

## III. ANALYSIS

### A. Jerina Fails to State a Claim for Sexual Harassment.

Jerina does not specify whether he brings this claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, or Texas Labor Code Chapter 21 (referred herein as the Texas Commission on Human Rights Act or "TCHRA"). However, "the law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 at n.2 (5th Cir. 1999).

Jerina titles his claim as "sex discrimination" but bases it on Porter's alleged sexual harassment of him. Doc. 15 at 2. Title VII "forbids sexual harassment in the workplace as a form of sex discrimination." *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 675 (5th Cir. 2021) (citing *Matherne v. Ruba Mgmt.*, 624 F. App'x 835, 838-39 (5th Cir. 2015) (per curiam)). "There are two types of sexual harassment under Title VII: *quid-pro-quo* and hostile-

4

environment harassment." *Newbury*, 991 F.3d at 675-76 (citing *Casiano v. AT&T Corp.*, 213 F.3d 278, 283 (5th Cir. 2000)).   Here, however, the allegations in Jerina's complaint indicate only a claim for hostile-environment harassment.   *See Newbury*, 991 F.3d at 675-76; *see generally Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986).

To establish a claim of hostile work environment under Title VII, a plaintiff must show that he (1) is a member of a protected class; (2) was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term or condition of his employment; and (5) that his employer knew or should have known about the harassment and failed to take prompt remedial action.   *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007).   Amazon does not contest that Jerina has adequately alleged the first four elements. Rather, it argues that Jerina has not pleaded sufficient facts to show that Amazon knew or should have known of the alleged harassment and failed to take prompt remedial action.   Doc. 24 at 6.

Courts have observed that determining whether an employer's response to discriminatory conduct is sufficient will depend on the particular facts of the case, such as the remedial steps taken and the severity of the harassment.   *Harvill v. Westward Communications*, 433 F.3d 428, 437 (5th Cir. 2005) (internal quotation omitted).   Here, however, there are no facts alleged that even suggest that Amazon would have a reason to respond, as Jerina clearly concedes that he never reported the alleged harassment to anyone.   *See* Doc. 7 at 1,4.   Indeed, Jerina does not allege any facts that demonstrate Amazon "should have known" about the misconduct occurring at the workplace.   *See* Doc. 7.

Jerina admits in his amended complaint that after the first instance of "sexual

5

harassment," he "was scared and did not think at all of speaking to HR as they are onsite and everyone is not far from them."   Doc. 7 at 1.   In his narrative, he further expounds:

> I think at the end of the shift, I started to think to myself I need to talk to HR about what happened but then I thought of well to me it showed she liked me [and] maybe this is her way of saying lets have a relationship together…
>
> This happened daily inside of the workplace.  I was scared for a while, until I started to think, if the management team or people was on my side to listen, they own security cameras to look at them and see yourself that she did it.

Doc. 7 at 4 (errors in original).

Because Jerina fails to plead facts from which it can be gleaned that Amazon knew or should have known about the alleged sexual harassment, he has failed to state a claim for relief. Thus, Amazon's motion to dismiss should be **GRANTED** as to this claim.[3]

**B.  Jerina Also Fails to State a Claim for Age Discrimination.**

Jerina makes no mention of age discrimination in his amended complaint.   Doc. 7, *passim*.   However, in his supplemental answers to the Magistrate Judge's Questionnaire, he mentions age discrimination for the first time.   Doc. 15 at 2.   When asked to state all facts on which he relies upon to establish age discrimination, Jerina discusses, *inter alia*, time spent as his mother's primary caretaker, stating he was "ignored…when the coworker of [his] at the time had a large metal door fall on her leg…which was the same leg [his] mother broke."   Doc. 15 at 2.

---

[3] For the same reasons that Jerina has failed to state a claim for sexual harassment (as discussed *supra*), any claim for retaliation based on his subsequent termination would also fail—to-wit: that Jerina never reported the alleged harassment.  *See Lewis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 295 (5th Cir. 2025) (to establish a prima facie case of retaliation under Title VII, a plaintiff must show, *inter alia*, that he engaged in activity protected under the statute, which means "opposing any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII").

Jerina further states that Amazon assigned him next to that coworker even when they were "capable of putting people in different roles." Doc. 15 at 2. While it is unclear how these facts *relate to* his claim of age discrimination, it is clear that such recitation does not *support* his claim of age discrimination.

Although Jerina does not specify the statutory basis for his age discrimination claim, the Court liberally construes it as arising under the Age Discrimination in Employment Act of 1967 (ADEA), which prohibits age discrimination in employment. *See* 29 U.S.C. § 621(b). Under the ADEA, it is unlawful for employers "to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

To establish a prima facie case of discriminatory treatment based on age, a plaintiff must show that: (1) they are within a protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (interpreting the *McDonnell Douglas* framework to apply to disparate treatment claims brought under the ADEA). While the *McDonnell Douglas* standard does not govern at the motion-to-dismiss stage, a plaintiff is still required to "plead sufficient facts on all of the ultimate elements" of his claim. *Norsworthy v. Hou. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021)).

As illustrated *supra*, Jerina fails to allege facts as to any of the elements required to establish a claim of age discrimination. Indeed, Jerina's *Amended Complaint* and answers to the

magistrate judge's questionnaire fail to describe any connection of his age to any adverse employment decision at Amazon.   *See* Doc. 7 at 1; Doc. 15 at 2.

Because Jerina fails to state a claim upon which relief can be granted for age discrimination, Amazon's motion to dismiss should also be **GRANTED** as to this claim.

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case."   *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).   Jerina has already amended his complaint once and been given ample opportunity to supplement the complaint through his answers to the Magistrate Judge's Questionnaire.   In neither Jerina's original and amended responses to the instant motion to dismiss (*see* Docs. 25 & 30) nor the numerous attachments he has filed separately (*see* Docs. 26-28, 33-38), has he proffered any facts from which the Court can glean he can amend his complaint to overcome the deficiencies noted here.   Thus, the Court determines that Jerina has already pleaded his best case with respect to his sex discrimination and age discrimination claims, and that granting leave to amend those claims would be futile and cause needless delay.[4]

## V. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*, Doc. 24, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

---

[4] Nevertheless, the 14-day objection period attendant to these findings, conclusions, and recommendations will give Jerina the opportunity to proffer facts, if any, that can cure the deficiencies noted here.

**SO RECOMMENDED** on March 3, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.   Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).   An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).